# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1359V

| | |
|---|---|
| ASHLEY VOAG, | Special Master Katherine E. Oler |
| Petitioner, | Filed: May 3, 2022 |
| v. | Corrected: May 5, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Motion to Dismiss; Tetanus-diphtheria-acellular-pertussis ("Tdap") Vaccine; Anaphylaxis; Pruritic Erythematous |
| Respondent. | |

*Bruce W. Slane*, Law Office of Bruce W. Slane, P.C. White Plains, NY, for Petitioner
*Jennifer A. Shah*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION DISMISSING PETITION

On October 9, 2020, Ashley Voag ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program,[1] alleging that she suffered from injuries including anaphylaxis, premature labor, dermatitis, and pruritic erythematous rash as a result of the Tdap vaccine she received on October 16, 2017. Pet., ECF No. 1. Petitioner filed supporting medical records on December 4, 2020, February 1, 2021, and March 3, 2021. ECF Nos. 12, 16, and 20. Petitioner filed a statement of completion on March 3, 2021. ECF No. 23

On October 25, 2021, Respondent filed his Rule 4(c) report, indicating he believed that this case was "not appropriate for compensation under the Act." Resp't.'s Rep. at 2, ECF. No. 30.

On May 2, 2022, Petitioner filed the instant Motion to Dismiss stating that she "understands that it would be unlikely that she will be able to establish entitlement in the Vaccine Program under its guidelines" and "in these circumstances, it would be unreasonable to proceed any further, and may waste the resources of the Court, the Respondent, and the Vaccine Program." Pet'r's Mot. at 1, ECF No. 36. Petitioner indicated that she "understands that a decision by the Special Master dismissing her petition will result in judgment against her" and that she has "been advised that

---

[1] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

such a judgment will end all of her rights in the Vaccine Program." *Id.* Petitioner also indicated that she intends to reject the judgment and file a civil action. *Id.* at 2.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.** [2]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.